IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH H. MCDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3075 |
| | ) | |
| V. | ) | |
| | ) | |
| NEBRASKA DEPT. OF | ) | **MEMORANDUM** |
| CORRECTIONS, SCOTT FRAKES, | ) | **AND ORDER** |
| and BRAD HANSON, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on initial review of Plaintiff's Complaint. (Filing No. 1.) For the reasons that follow, the court finds Plaintiff's pleadings do not state any claims upon which relief may be granted. However, the court will allow Plaintiff to file an amended complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff, who is currently incarcerated at Tecumseh State Prison, brought suit against the Nebraska Department of Corrections, as well as the Department's director and the warden of Tecumseh State Prison. Liberally construed, Plaintiff alleges that he was "wrongfully held as a juvenile sentenced as an adult" and that Defendants have failed to give him good time credit on his sentence. (Filing No. 1 at CM/ECF pp. 3-4.) Plaintiff also alleges that Defendants are "liable to Plaintiff for cruel and unusual punishment, with deliberate indifference and intentional infliction of emotional distress, anxiety, outrage and defamation under the laws of the State of Nebraska." (Filing No. 1 at CM/ECF pp. 11-12.) Plaintiff seeks monetary relief.

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Plaintiff has failed to state viable claims against Defendants.  Plaintiff did not specify whether he is suing Scott Frakes and Brad Hanson in their official or individual capacities.  Therefore, this court presumes they are sued in their official capacities

only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, the State of Nebraska. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)).

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not, however, bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

In this case, Plaintiff has sued the Nebraska Department of Corrections and Nebraska state employees in their official capacities seeking monetary relief. These claims are precluded by the Eleventh Amendment. Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Moreover, Plaintiff's allegations are wholly conclusory. Plaintiff alleges that Defendants are "liable to Plaintiff for cruel and unusual punishment, with deliberate indifference and intentional infliction of emotional distress, anxiety, outrage and

defamation under the laws of the State of Nebraska." (Filing No. 1 at CM/ECF pp. 11-12.) Although Plaintiff references multiple causes of action, he fails to provide factual context. In fact, Defendants Scott Frakes and Brad Hanson are only specifically referenced twice in the Complaint. In short, Plaintiff needs more detailed allegations to successfully assert a claim, including, but not limited to, an explanation of how the employee-defendants participated in any wrongdoing.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by October 31, 2016 that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: October 31, 2016 check for amended complaint.

DATED this 29th day of September, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge