IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH H. MCDONALD,<br><br>            Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPT. OF CORRECTIONS, SCOTT FRAKES, AND BRAD HANSON, et al;<br><br>           Defendants. | **4:16CV3075**<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter is before the court on its own motion. On September 29, 2016, the court conducted an initial review of Plaintiff's Complaint and found that Plaintiff failed to state any claims upon which relief may be granted. ([Filing No. 25](#)) Specifically, because Plaintiff failed to specify whether he is suing Scott Frakes ("Frakes") and Brad Hanson ("Hanson") in their official or individual capacities, the court presumed they are sued in their official capacities only. (*Id*. at CM/ECF pp. 2-3.) Accordingly, the court determined that Plaintiff's claims for damages against the Nebraska Department of Corrections and Nebraska state employees in their official capacities are precluded by the Eleventh Amendment. (*Id*. at CM/ECF p. 3.) The court further stated:

> Moreover, Plaintiff's allegations are wholly conclusory. Plaintiff alleges that Defendants are "liable to Plaintiff for cruel and unusual punishment, with deliberate indifference and intentional infliction of emotional distress, anxiety, outrage and defamation under the laws of the State of Nebraska." Although Plaintiff references multiple causes of action, he fails to provide factual context. In fact, Defendants Scott Frakes and Brad Hanson are only specifically referenced twice in the Complaint. In short, Plaintiff needs more detailed allegations to successfully assert a claim, including, but not limited to, an

explanation of how the employee-defendants participated in any wrongdoing.

(*Id*. at CM/ECF pp. 3-4.) The court ordered Plaintiff to file an amended complaint that states a claim upon which relief may be granted. (*Id*. at CM/ECF p. 4.) Plaintiff filed an Amended Complaint on October 26, 2016, and a Supplement to the Amended Complaint containing exhibits on October 28, 2016. (Filing No. 26; Filing No. 28.)

In his Amended Complaint, Plaintiff specifies that he is suing Frakes and Hanson in their official and individual capacities. (Filing No. 26 at CM/ECF p. 3.) After careful review of Plaintiff's filings, the court liberally construes Plaintiff's claim to be that Defendants failed to apply the proper good time law, L.B. 1307, to his sentence. (*See* Filing No. 1 at CM/ECF pp. 3-5; Filing No. 26 at CM/ECF pp. 3-8; Filing No. 28 at CM/ECF p. 2.) Plaintiff alleges that this resulted in a loss to him of 6 ½ years of good time credit. (*See* Filing No. 26 at CM/ECF pp. 3-8.) He seeks monetary relief, immediate release, and a pardon. (*Id*. at CM/ECF p. 10.)[1]

Plaintiff's claim is without merit. Plaintiff's own filing demonstrates that the Nebraska Department of Correctional Services re-calculated his sentence under LB 1307 pursuant to an opinion of the Nebraska Attorney General that Plaintiff should be subject to that good time law. (*See* Filing No. 28 at CM/ECF p. 2.) Plaintiff was then parole eligible on November 28, 2016, and released on or about that date. (*Id*. at CM/ECF p. 3; *See* Filing No. 30.) Moreover, Plaintiff does not explain, and the court cannot determine, his calculation of 6 ½ years loss of good time credit. Plaintiff has failed to state a claim upon which relief may be granted.

---

[1] Because Plaintiff has been released, his requested relief for immediate release is moot. Also, the court does not have the authority to grant Plaintiff a pardon. *See* Neb. Rev. Stat. § 83-1,129 (Reissue 2014) (Board of Pardons has pardon authority).

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice. Plaintiff's official capacity claims against Defendants are dismissed for the reasons set forth in this court's order dated September 29, 2016. ([Filing No. 25](#).) His individual capacity claims against Frakes and Hanson are dismissed for the reasons set forth above. A separate Judgment will be entered in accordance with this Memorandum and Order.

2. Plaintiff's Motion to Amend Information ([Filing No. 29](#)) is denied as moot. It is a duplicate of his Amended Complaint ([Filing No. 26](#)).

Dated this 25th day of January, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge